JS - 6

LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2310-GAF (FMOx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | New Homes Mortgage Inc. v. James C. Pierro | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: | |
| None | None | |

**Proceedings:**     **(In Chambers)**

**ORDER OF REMAND**

**A. INTRODUCTION**

On February 23, 2009, Plaintiff New Homes Mortgage Inc. filed this unlawful detainer action against Defendant James C. Pierro III ("Pierro") in Los Angeles Superior Court.[1] On April 2, 2009, Pierro removed the case to this Court pursuant to 28 U.S.C. § 1441.

In his Notice of Removal, Pierro contended the Court has federal question jurisdiction, under 28 U.S.C. § 1331, because:

> [t]his Complaint is filed under the Truth in Lending Act, 15 U.S.C. § 1601 (hereinafter called "Act") to enforce the plaintiff's right to rescind a consumer credit transaction, to void the Defendants' security interest in the Plaintiff's home, and to recover statutory damages, reasonable attorney's

---

[1] Plaintiff alleges it obtained title to the property on February 11, 2009 and, in the manner provided by law, served Pierro with written notice to quit within three days, but Pierro refused.

JS - 6

LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2310-GAF (FMOx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | New Homes Mortgage Inc. v. James C. Pierro | | |

fees and costs by reason of the Defendants' violation of the Act and Federal Reserve Board Regulation Z, 12 C.F.R. § 226.

(Not. of Removal ¶ 2.) Pierro's statement of jurisdiction appeared to improperly rely on his concurrently filed complaint, against Plaintiff and others, which is currently pending before the Honorable Christina A. Snyder, CV 09-2312 CAS (JWJx).

On April 28, 2009, Plaintiff filed a motion to remand the case on the basis that the Court lacks subject matter jurisdiction over this unlawful detainer action. (Docket No. 9.) The Court concludes the matter can be adjudicated without argument and hereby **VACATES** the hearing scheduled for June 1, 2009. Because Plaintiff's suit does not arise under federal law, the Court **GRANTS** the motion to remand this action for lack of subject matter jurisdiction. Moreover, because the Court finds Pierro's attempted removal lacks any basis in law or fact, and was thus wholly unreasonable, the Court **GRANTS** Plaintiff's motion for attorneys' fees and expenses incurred in connection with this motion. The Court briefly sets forth its reasoning below.

**B. DISCUSSION**

   **1. SUBJECT MATTER JURISDICTION IS LACKING.**

Federal question jurisdiction is invoked either when an action arises under federal law or where its state law claims turn on substantial questions of federal law. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 310 (2005). For the last century, the Supreme Court has consistently held that "[u]nder the well-pleaded complaint rule, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.' Federal jurisdiction cannot be predicated on an actual or anticipated defense." Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 1249, 152 (1908)). Plaintiff's unlawful detainer action does not arise under federal law.

Pierro contends this action falls into the latter category, state law claims that turn on substantial questions of federal law. Pierro claims Plaintiff does not have a valid right

JS - 6

LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2310-GAF (FMOx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | New Homes Mortgage Inc. v. James C. Pierro | | |

of possession and is attempting to evict him on the strength of a null and void foreclosure proceeding. Pierro insists removal is proper because he contends the determination of whether Plaintiff has the right of possession depends on the Court's resolution of federal questions, including alleged violations of the Truth in Lending Act and Regulation Z.

Pierro relies on Grable, and other inapposite authority. 545 U.S. 308 (2005). In Grable, the Internal Revenue Service seized real property owned by Grable to satisfy a federal tax delinquency, and gave Grable notice by certified mail before selling the property to the defendant. Grable subsequently brought a quiet title action in state court, claiming that the defendant's title was invalid because federal tax law required the IRS to give Grable notice of the sale by personal service. The defendant removed the case to federal court on the grounds of federal question because the title claim depended on an interpretation of federal tax law. The Court deemed the case removable because whether the IRS gave Grable proper notice under applicable federal tax law was an essential element of his claim. Unlike in Grable, here it is Pierro's defense – not Plaintiff's claim – that depends on an interpretation of federal law. The other cases upon which Pierro relies similarly involve plaintiffs whose claims depended on an interpretation of federal law. See, e.g., Korensko v. Ed Murphy, 464 F. Supp. 2d 463 (E.D. Pa. 2006) (plaintiffs' contract claim alleged defendants failed to comply with the disclosure requirements of 49 U.S.C. § 32705 relating to the transfer of an automobile). The present action, where Pierro's ***defenses*** raise issues of federal law, is distinguishable. While Pierro's separate action pending before Judge Snyder may raise federal questions, Plaintiff's unlawful detainer action does not.

The Court finds the substantial questions of federal law that Pierro raises are Pierro's defenses, and not a basis for Plaintiff's claims. Because federal jurisdiction cannot be predicated upon Pierro's defenses, the Court lacks subject matter jurisdiction over this action.

**2. ATTORNEYS' FEES ARE APPROPRIATE.**

Plaintiffs ask the Court to award them attorneys' fees and expenses incurred in filing this motion to remand. 28 U.S.C. § 1447(c) allows the Court to "require payment

JS - 6

**LINK: 9**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2310-GAF (FMOx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | New Homes Mortgage Inc. v. James C. Pierro | | |

of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." Attorneys' fees and expenses are appropriate where a defendant's removal petition lacks any reasonable basis in law or fact. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Because the applicable law has been settled for over a century, the Court concludes Pierro lacked an objectively reasonable basis for removal. See Chase Manhattan Mortgage Corporation v. Smith, 507 F.3d 910 (6th Cir. 2007) (finding the award of fees warranted where the defendants' basis for removing a mortgage foreclosure action was the defense that the plaintiff violated several provisions of federal law because it is well settled that federal defenses are inadequate to confer federal jurisdiction).

**C.  CONCLUSION**

Plaintiff filed a simple unlawful detainer action in county court. The complaint pleads an exclusively state law cause of action, seeks exclusively state law remedies, and makes no mention of federal law. This Court does not have subject matter jurisdiction over such a suit. Accordingly, the Court **GRANTS** Plaintiff's motion to remand.

Moreover, because the Court finds Pierro's attempted removal lacks any basis in law or fact, the Court **GRANTS** Plaintiff's motion for attorneys' fees and expenses incurred in connection with this motion. Plaintiff shall submit evidence of its costs to the Court for the Court's approval no later than **Monday, June 8, 2009**.

IT IS SO ORDERED.